# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * * *
LAURA MCWATERS, * No. 22-744V
*On behalf of her minor child, D.M.,* *
*
*
Petitioner, *
* Special Master Christian J. Moran
v. *
* Filed: August 3, 2026
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

Courtney Christine Jorgenson, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner;
Felicia Langel, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On August 3, 2026, the parties filed a joint stipulation concerning the petition for compensation filed on behalf of D.M. on July 7, 2022. Petitioner alleged that the diphtheria, tetanus, acellular pertussis, hepatitis B, and inactivated poliovirus ("DTaP-Hep B-IPV"); Haemophilus influenzae type B ("Hib"); pneumococcal conjugate ("PCV"); rotavirus vaccines that D.M. received on July 22, 2019, caused D.M. to suffer a skin disorder. Petitioner further alleges that the measles, mumps, and rubella ("MMR"); varicella; and hepatitis A ("Hep A") vaccines D.M. received on July 9, 2020, significantly aggravated the condition. These vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a). Petitioner further alleges that D.M. suffered the residual effect of his alleged injury for more than six months. Petitioner represents that there has been

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

no prior award or settlement of a civil action for damages on D.M.'s behalf as a result of his condition.

Respondent denies that D.M. 's alleged injury or its residual effects were caused-in-fact by the DTaP-Hep B-IPV, Hib, PCV, and rotavirus vaccines, or significantly aggravated by the MMR, varicella, and Hep A vaccines; denies that these vaccines caused any other injury or condition; and denies that D.M. 's current condition is a sequela of a vaccine-related injury. Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**a. An amount of $10,000.00 to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[2] and**

**b. A lump sum of $12,050.70[3] representing reimbursement of a Medicaid lien for services rendered to D.M. by the State of Alabama, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:**

**Health Management System**
**Third Party Liability Recovery Unit**
**Medicaid ID# 530001500482**
**Case # 226792**
**Attn: Jameisha McBride**
**P.O. Box 240756**
**Montgomery, AL 36124**

[2] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Alabama may have against any individual as a result of any Medicaid payments the State of Alabama Medicaid Agency has made to or on behalf of D.M. as a result of the alleged vaccine-related injury suffered on or about July 22, 2019, and July 9, 2020, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

**These amounts represent compensation for all damages that would be available under42 U.S.C. § 300aa-15{a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| LAURA MCWATERS, on behalf of her minor child, D.M.,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 22-744V<br>Special Master Moran<br>ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Laura McWaters ("petitioner"), on behalf of her minor child, D.M., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to D.M.'s receipt of the combination diphtheria, tetanus, acellular pertussis, hepatitis B, and inactivated poliovirus ("DTaP-Hep B-IPV"); Haemophilus influenzae type B ("Hib"); pneumococcal conjugate ("PCV"); rotavirus; measles, mumps, and rubella ("MMR"); varicella; and hepatitis A ("Hep A") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a)

2. D.M. received the DTaP-Hep B-IPV, Hib, PCV, and rotavirus vaccines on July 22, 2019, and the MMR, varicella, and Hep A vaccines on July 9, 2020.

3. The vaccines were administered within the United States.

4. Petitioner alleges that D.M. suffered a skin disorder that was caused-in-fact by the DTaP-Hep B-IPV, Hib, PCV, and rotavirus vaccines, and significantly aggravated by the MMR,

varicella, and Hep A vaccines. Petitioner further alleges that D.M. suffered the residual effects of his alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on D.M.'s behalf as a result of the alleged injury.

6. Respondent denies that D.M.'s alleged injury or its residual effects were caused-in-fact by the DTaP-Hep B-IPV, Hib, PCV, and rotavirus vaccines, or significantly aggravated by the MMR, varicella, and Hep A vaccines; denies that these vaccines caused any other injury or condition; and denies that D.M.'s current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. An amount of $10,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1] and

b. A lump sum of $12,050.70[2] representing reimbursement of a Medicaid lien for services rendered to D.M. by the State of Alabama, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Alabama may have against any individual as a result of any Medicaid payments the State of Alabama Medicaid Agency has made to or on behalf of D.M. as a result of



Doc ID: 596f944c2e501aa4b05566f7bee2916cf4a9055f

Health Management System
Third Party Liability Recovery Unit
Medicaid ID# 530001500482
Case # 226792
Attn: Jameisha McBride
P.O. Box 240756
Montgomery, AL 36124

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of D.M., pursuant to which the Life Insurance Company will agree to make payments periodically to D.M. as follows for pain and suffering:

a. A certain Lump Sum of $7,539.80 payable on March 17, 2037.

b. A certain Lump Sum of $7,587.98 payable on April 17, 2037.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $10,000.00. In the event that the cost of the annuity set forth above varies from

---

the alleged vaccine-related injury suffered on or about July 22, 2019, and July 9, 2020, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

$10,000.00, the certain lump sum payment to be made on April 17, 2037, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $10,000.00. Should D.M. predecease payment of any of the lump sum payments set forth above, any outstanding payments shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of D.M.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner, D.M., and D.M.'s heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign,

mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of D.M. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. Petitioner represents that she presently is or, if necessary, will become authorized to serve as guardian/conservator of D.M.'s estate as may be required under the laws of the State of Alabama.

18. In return for the payments described in paragraphs 8 and 13, petitioner, in her individual capacity and as a legal representative of D.M., on behalf of petitioner, D.M., and D.M.'s heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions, or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.M. resulting from, or alleged to have resulted from, the DTaP-Hep B-IPV, Hib, PCV, rotavirus, MMR, varicella, and Hep A vaccines administered on July 22, 2019, and July 9, 2020, as alleged in a petition for vaccine compensation filed on or about July 7, 2022, in the United States Court of Federal Claims as petition No. 22-744V.

19. If D.M. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

22. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

23. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP-Hep B-IPV, Hib, PCV, rotavirus, MMR, varicella, and Hep A vaccines caused or significantly aggravated D.M.'s alleged injury, or any other injury or condition; or that D.M.'s current condition is a sequela of a vaccine-related injury.

24. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of D.M.

**END OF STIPULATION**

/
/
/



Doc ID: 596f944c2e501aa4b05566f7bee2916cf4a9055f

Respectfully submitted,

PETITIONER:

LAURA MCWATERS, on behalf of
her minor child, D.M.

ATTORNEY OF RECORD FOR
PETITIONER:

COURTNEY JORGENSON
SIRI & GLIMSTAD LLP
11201 N. Tatum Blvd., Suite 300
Phoenix, AZ 85028
cjorgenson@sirillp.com

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

George R. Grimes - S16 Digitally signed by George R. Grimes -S16 Date: 2026.07.21 11:35:54 -04'00'

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
Compensation Programs
Health Systems Bureau
Health Resources and Services
Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

FELICIA D. LANGEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 451-7659
felicia.d.langel@usdoj.gov

Dated: 8/3/26



Doc ID: 596f944c2e501aa4b05566f7bee2916cf4a9055f